## Thompson vs. Kirkpatrick.

A writ of garnishment cannot be issued from the Circuit Court upon a judgment rendered by a justice of the peace, and filed in the Circuit Court under the statute. *Dig. ch.* 95, *part* 2, *sec.* 129, 140.

Where the plea is an answer to but a part of the plaintiff's demand, and he demurs to the plea instead of taking judgment for the part unanswered, he does not thereby discontinue his action.

*Error to the Circuit Court of Yell county.*

The Hon. John J. Clendenin, Circuit Judge.

Holliwell for the plaintiff,

Williams & Williams for the defendant.

Mr. Chief Justice English delivered the opinion of the Court.

On the 6th of March, 1856, Simeon Kirkpatrick commenced an action of debt against Robert Thompson, in the Yell Circuit Court. The action was founded on a writing obligatory for $300, executed by the defendant on the 26th December, 1853, to Jonathan Smith (next friend to W. D. Smith,) due 1st January, 1856; and by the said Jonathan Smith assigned to the plaintiff on the 12th March, 1855.

At the September term, 1856, the defendant, Thompson, filed a special plea in bar of part of the plaintiff's demand, setting up substantially the following facts:

On the 11th February, 1856, one Thomas J. Waters recovered a judgment before a justice of the peace of Yell county, against John H. Jones and Simeon Kirkpatrick, the plaintiff in this suit, for $100 debt, $3 50 damages, and for 75 cents cost.

On the 11th of August, 1856, Waters filed a transcript of this judgment in the office of the Clerk of the Yell Circuit Court: and the next day the clerk issued a writ of garnishment thereon against defendant Thompson, returnable to the following September term of said Circuit Court; which was served upon defendant, on the 16th August, 1856. That on the 1st day of the return term, Waters filed his allegations and interrogatories; to which defendant answered that he was indebted to the said Simeon Kirkpatrick, plaintiff in this suit, in the amount of the writing obligatory sued on, etc., and that he had instituted suit thereon against defendant, etc. That by virtue of said garnishment, etc., defendant had become liable to pay to said Waters the amount of his said recovery before the justice of the peace, and that he was entitled to judgment therefor, against defendant, in said Circuit Court, upon said garnishment, etc. And that the plaintiff in this suit (Kirkpatrick) ought not further to maintain his action against defendant as to so much of his demand, etc.

The plaintiff demurred to the plea; the Court sustained the demurrer, and the defendant resting, final judgment was rendered against him for the amount due upon the bond sued on; and he brought error.

Any person recovering a judgment for more than $10 before a justice of the peace, may obtain and file a transcript thereof in the office of the clerk of the Circuit Court, etc., and cause it to be entered upon the docket for judgments and decrees, etc. *Dig. ch.* 96, *part 2 sec.* 139.

" Every such judgment, from the time of filing the transcript thereof, shall be a lien on the real estate of the defendant in the county, to the same extent as a judgment of the Circuit Court of the same county, and shall be carried into execution in the same manner, and with the like effect, as the judgments of such Circuit Court; but no execution shall be sued out of the Circuit Court thereon, until an execution shall have been issued by a justice, and returned that the defendant has no goods or chattels whereof to levy the same." *Ib. sec.* 140.

The object of this statute was to enable the plaintiff in a jus-

tice's judgment to obtain satisfaction thereof by a sale of the real estate of the debtor, which cannot be done by an execution issuing from the justice. Neither this, nor any other statute, authorizes the issuance of a garnishment from the clerk's office upon such judgment; nor the determination of such garnishment in the Circuit Court.

The plea was therefore bad in substance on this ground, to say nothing of any other, and the demurrer thereto properly sustained.

But it is assigned for error that, inasmuch as the plea was an answer to but part of the plaintiff's demand, by demurring thereto, instead of taking judgment for the part unanswered, the plaintiff discontinued his action. This is not regarded as the law under our practice. *Sterling vs. Sherwood*, 20 *John. R.* 206. *Beebe vs. Sutton*, 2 *Eng*. 40. On the filing of the plea the plaintiff might have taken a default for so much of his demand as was not answered by it. But it was just as well for him to take judgment for the entire demand, as he did, after the demurrer was sustained to the plea, and the defendant rested. *Very vs. Watkins et al., present term*.

The judgment is affirmed.

Absent, Hon. C. C. SCOTT.