## STATE v. JENNINGS.

CORPORATIONS—*Nature and powers of.*—Corporations having municipal powers are mere tenants at will of the Legislature, so far as the officers thereof are concerned, and the General Assembly may incorporate a place, add to, qualify or abolish its municipal powers without its consent.

STATUTES—*Construction of.*—In the construction of a statute, where the court finds, in any particular clause, an expression not so large and extensive in its import as those used in other parts of the same statute, if, upon a review of *the whole act*, the real intention of the Legislature can be collected from the larger and more extensive expressions used in other parts, effect will be given to the *larger* expressions.

SAME—*Act of April* 9, 1869.—The act of the General Assembly of April 9th, 1869, entitled, "An act to regulate the incorporation and organization of municipal corporations," was intended to make uniform rules and regulations for all the cities and towns of the State, and repeals the act of July 23d, 1868, entitled, "An act for the incorporation of cities and towns."

### PETITION FOR QUO WARRANTO.

*Montgomery, Attorney General, Yonley & Warwick*, for the State.

*U. M. Rose*, for Defendant.

To sustain the position that the incorporation of Camden, under the act of 1868 is still in all respects valid, I refer to the

State v. Jennings.                    [June

following cases: *Hughes vs. Farrar,* 45 *Maine,* 72; *Walworth vs. Whittaker,* 17 *Wis.,* 193; *Janesville vs. Markoe,* 18 *Id.,* 350; *Crosby vs. Patch,* 18 *Cal.,* 438; *Shinn vs. Commonwealth,* 3 *Grant* (*Pa.*), 205; *McLaughlin vs. Hoover,* 1 *Oregon,* 31; *Nixon vs. Piffet,* 16 *La. An.,* 379; *DePauw vs. New Albany,* 22 *Ind.,* 204; *Mullen vs. People,* 31 *Ill.,* 444; *Elliott vs. Lochnane,* 1 *Kansas,* 126; *State vs. Morrow,* 26 *Mo.,* 131; *People vs. Gibb,* 7 *Cal.,* 356; *Grace vs. Donovan,* 12 *Minn.,* 580; *Wood vs. United States,* 16 *Peters,* 342; *Daviess vs. Fairbairn,* 3 *How.,* 636; *Hardin vs. Gordon,* 2 *Mason,* 540.

McClure, C. J.—The only question presented by the demurrer, to the response of the defendant, is, whether the act of April, 9, 1869, entitled "An act to regulate the incorporation and organization of municipal corporations," repeals the act of July 23, 1868, entitled "An act for the incorporation of cities and towns."

The defendant urges that the repealing section of the act of April 9, 1869, does not describe cities acting under the act of July 23d, 1868, and because it is not so described, that the city of Camden is not bound to conform to the first recited act.

The fifth section of the act of April 9, 1869, reads as follows:

"All corporations which existed *when the present Constitution took effect,* for the purpose of municipal government, and described or denominated in any law *then in force,* are hereby organized into cities of the first and second class, as the case may be, and incorporated towns, with the territorial limits respectively prescribed or belonging.     *     *     *     *
All acts now in force for the organization or government of *any such* municipal government or corporation shall be, and they are hereby repealed."

At the adoption of the present Constitution the city of Camden was being operated under a special charter granted by the General Assembly, on the seventh of December, 1846;

but *before* the passage of the act of April 9, 1869, she surren-dered her special charter and accepted the municipal powers granted by the act of July 23, 1868.

Right at the threshold of this case we are confronted with three well established rules of construction as applicable to this case:

*First.* That repeals by implication are not favored.

*Second.* That where two statutes can be construed together, the latter will not be construed a repeal of the former, and

*Third.* That the mentioning of one class, and silence as to another, evidences an intention that the unenumerated class should be excluded.

These are all general rules, and, when applied in proper cases, have but few, if any, exceptions. There is, however, another well known rule which is as imperative as those mentioned, which must not be lost sight of, and it is, that where the Legislature take up a *whole subject* and cover the entire ground of the subject matter of a former statute, and evidently intended it as a substitute, the prior act will be re-pealed thereby, although there may be no express words to that effect, and there may be in the old act provisions not em-braced in the new. *Pulaski County vs. Downer,* 10 *Ark.,* 589.

There is no express language repealing the act of July 23, 1868, in the act of April 9, 1869, and it is here conceded that cities, acting under the act of July 23, 1868, are not spe-cifically described. The question now arises, did the Legisla-ture intend to fix one certain and uniform rule for *all* the cities and towns within the State, or did it intend that the city of Camden should retain its then organization, and that all the others should conform to the act of April 9, 1869?

Counsel are in error when they suppose that citizens and officers of any particular locality have a special right to any specific form of municipal government. Corporations hav-ing municipal powers are mere tenants at will of the Legisla-ture, so far as the officers thereof are concerned; creditors, and persons having vested rights *in property*, stand upon a differ-

ent footing. The General Assembly may incorporate a place without its consent, and without its consent add to, qualify or even abolish its municipal powers. The English doctrine, that the king cannot force a·new charter upon a municipal corporation, has no application in this country, nor is the power of the Legislature, in this respect, measured by any such rule. *Clinton vs. Cedar Rapids R. R. Co.*, 24 *Iowa*, 445.

All law writers agree that the *intention* of the Legislature should prevail. The *intent* may be gathered from the text and body of the law *itself*; or it may be gathered from the condition of affairs existing at the date of the enactment; the evil sought to be remedied and such other facts and circumstances as may have become a part of the history of the country. Guided by these general rules, let us examine the question at bar.

The first General Assembly which assembled under the provisions of the present Constitution found it enjoined upon them to enact a general law for the incorporating and regulation of municipal corporations, and an effort to comply with that injunction was made by the act of July 23, 1868. If, a lawyer will take up that act and examine it he will find many powers conferred upon municipal corporations which are directly in conflict with the Constitution of the State. He will find many things which will convince him that the act was hastily and unadvisedly drawn—that it was imperfect and incomplete. He will also find that no attempt is made to " restrict the power of taxation, assessments, borrowing money, contracting debts, or loaning the credit" of towns and cities, as it is provided that the Legislature shall do by *Section 49, Article V., of the Constitution.*

With this knowledge and these facts in view, we are as much called upon to decide whether the Legislature intended to *include* Camden within the provisions of the act of 1869, as we are to determine whether it intended to *exclude* it. In the first place, Camden is the *only* city in the State which accepted the provisions of the act of July 23, 1868, *before* the passage of

the act of April 9, 1869. The action of the city of Camden was of record in the Secretary of State's office, and it will be presumed the General Assembly was cognizant of this fact. The city of Camden *being the only city* organized under the act of July 23, 1868, it appears to us that if the Legislature intended to save and except it from the operation of the general law, that words to that effect would have been used in the act disclosing such an intention. It is as easy to presume this as to presume that it did not intend to disturb the municipal government of Camden, because no specific mention was made of the city which had accepted the provisions of the act of July 23, 1868.

There is another rule of construction which we think applicable to this case, and it is, where the court find, in any particular clause, an expression not so large and extensive in its import as those used in other parts of the same statute, if, upon a view of *the whole act*, they can collect, from the larger and more extensive expressions used in other parts, the real intention of the Legislature, it is their duty to give effect to the *larger* expressions. *Mason vs. Finch*, 2 *Scam*. 223.

Now let us apply this rule to the case at bar. The defendant insists upon a strict and literal construction of the statute, and he does so because the Act in one place *seems to limit itself* to "corporations which existed *when the present Constitution* took effect." But we understand, from the rule first laid down, that if, upon a view of the whole Act, we should come to the conclusion that the more extensive expressions gave the true meaning of the Act, rather than the limitations of a single section, it would be our duty to so declare.

*Section* 2, of the Act of April 9, 1869, declares that "*all* cities which, at the last federal census, had or now have a population exceeding five thousand inhabitants, shall be deemed cities of the first class." It also declares that "*all* cities which, at any future federal census, * * * shall be found to have a population exceeding five thousand inhabitants, shall thereafter be deemed cities of the first class."

And it further declares that "any incorporated town which, at any future federal census   *   *   *   shall be found to have a population exceeding twenty-five hundred, and less than five thousand, shall thereafter be deemed a city of the second class;" and section five provides, that towns having a less population than twenty-five hundred, shall be incorporated towns and governed as prescribed therein.

Here we find a well defined intention to classify *all* the towns and cities in the State into cities of the first class, cities of the second class and incorporated towns, and also the means by which they shall be advanced from one grade to another. These different classes exercise different municipal powers, commensurate with the wants and necessities of each, according to the population. We can see nothing in the classification which convinces us that Camden was not to recognize these different gradations. On the contrary, when we come to examine *the whole Act*, the impression is left on the mind that the General Assembly was attempting and intending to make uniform rules and regulations for *all* the cities and towns, according to the population thereof. A further examination of the Act of April 9, 1869, discloses the fact that many of the obnoxious provisions of the Act of July 23d, 1868, are not incorporated in the later Act. In addition to this, the power of taxation is restricted and limited according to the grade of the city or town, as the case may be; and the power to contract debts, and the loaning of their credit is fully protected, as it is contemplated by the Constitution the General Assembly shall do. In short, the Act of April 9, 1869, seems to be as complete a revision and substitute for the Act of July 23, 1868, as it is for the cities and towns which had charters at the adoption of the present Constitution.

This being true, the demurrer to the response is sustained and a judgment of ouster ordered.