St. Louis & San Francisco Railroad Company *v.* Bowman.

Opinion delivered June 10, 1905.

1. Statutes—Repeals.—While appeals by implication are not favored, yet if the later of two statutes covers the whole subject-matter of the former, and it is evident that the Legislature intended it as a substitute, the prior act will be held to have been repealed, although there may be no express words to that effect, and there be in the old act provisions not in the new. (Page 34.)

2. Garnishment—Repeal of Statute.—Kirby's Digest, § 3707, is repealed by the later act of April 8, 1889 (Kirby's Digest, § 3706), which covers the subject-matter of the former act. (Page 35.)

3. Same—Issuance of Writ to Another County.—Under Kirby's Digest, § 3705, a writ of garnishment may be issued from the circuit court of one county to any other county in the State upon judgment for an amount exceeding $10, rendered by justices of the peace of which certified copies have been duly filed in the circuit court, as well as upon judgments originally rendered by the circuit court. (Page 35.)

Appeal from Pike Circuit Court.

James S. Steel, Judge.

Affirmed.

STATEMENT BY THE COURT.

Appellee recovered judgment against John R. Probst for $125 before a justice of the peace of Polk County, and later filed

a certified transcript of the same in the office of the clerk of the circuit court of that county, and the clerk entered such judgment on the docket of that court for judgments and decrees, as provided by statute.    Thereafter appellee filed proper allegations and inter-rogatories, and sued out a writ of garnishment, directed to the sheriff of Sebastian County, summoning appellant to answer as garnishee.

Appellant appeared on the return day, and filed a special plea to the jurisdiction of the court on the ground that a writ of garnishment cannot be issued to another county from a judg-ment rendered by a justice of the peace.    The court sustained a demurrer to this plea, the garnishee failed to make further answer, and judgment was rendered for the full amount of the plaintiff's judgment, and an appeal was taken by the garnishee to this court.

*L. F. Parker* and *B. R. Davidson,* for appellant.

Sections 353-356, 375-379, of Kirby's Digest, repealed all garnishment laws prior to their adoption.    29 Ark. 470; 45 Ark. 271; 48 Ark. 349; 52 Ark. 130; 67 Ark. 347.    No garnishment could have been issued unless section 3707 of the Digest is in force.    18 Ark. 580.    Appellant waived none of its rights by answering under protest.    32 Ark. 428; 59 Ark. 593; 63 Ark. 30.

*S. A. Downs,* for appellee.

The garnishment was properly issued.    Kirby's Dig. § § 4631, 4632, 3705, 3206.    Justice had authority to render judg-ment.    70 Ark. 127.    The provisions of Gould's Digest are the law until repealed or amended.    29 Ark. 111; Kirby's Dig. § § 7818, 7819; 34 Ark. 503; 41 Ark. 151; 50 Ark. 137; 53 Ark. 417; 50 Ark. 132; 60 Ark. 159.    The court had jurisdiction.    69 Ark. 401; 62 Ark. 619.

*L. F. Parker* and *B. R. Davidson,* for appellant in reply.

Sections 4631-4633 of Kirby's Digest do not authorize the issuance of garnishment.    18 Ark. 580; 48 Ark. 349; 46 Ark. 438.

McCulloch, J., (after stating the facts.)  The General Assembly passed an act, approved February 27, 1867, amendatory of the then existing garnishment statute, section 2 of which act is as follows:

"When a judgment before a justice of the peace in any county, together with the interest accrued on the same and the costs, amounts to more than $100, and the plaintiff, or any other person having the right to collect the said judgment, may desire to have the benefit of garnishment thereon, it shall be lawful for such person to file in the office of the clerk of the circuit court a transcript of such judgment, certified by such justice of the peace, and the clerk shall enter the same on the judgment docket in his office, and, at the request of such person so filing the same, shall issue to any county in the State a writ or writs of garnishment thereon."

This section has been brought forward in subsequent digests of the laws of the State, and is found in Kirby's Digest, section 3707.

Appellant contends that this section has been repealed, and is no longer in force.

The General Assembly of 1889 enacted a statute the title of which is "An act to provide the procedure in judicial garnishment," omitting any provision similar to section two of the act of February 27, 1867, but reenacting section three of that act, providing that a judgment obtained before a justice of the peace in one county may be filled with some justice of the peace in another county, and a writ of garnishment or execution issued thereon. Repeals by implication are not favored.  But where the later of two statutes covers the whole subject-matter of the former, and it is evident that the Legislature intends it as a substitute, the prior act will be held to have been repealed threby, although there may be no express words to that effect, and there be in the old act provisions not in the new.  *Pulaski County* v. *Downer,* 10 Ark. 588; *State* v. *Jennings,* 27 Ark. 419; *Mears* v. *Stewart,* 31 Ark. 19; *Davis* v. *Holland,* 43 Ark. 425; *Dowell* v. *Tucker,* 46 Ark. 438; *Wood* v. *State,* 47 Ark. 488; *St. Louis, I. M. & S. Ry. Co.* v.

*Richter,* 48 Ark. 349; *Inman* v. *State,* 65 Ark. 508; *Wilson* v. *Massie,* 70 Ark. 25.

Applying the doctrine established by these decisions, it must be held that section 3707, Kirby's Digest, has been repealed.

It does not follow, however, that there is no provision in the law for the issuance of writs of garnishment to another county from the circuit court upon a judgment of a justice of the peace filed therein.   On the contrary, we hold that under section 3705, of the garnishment statute, the writ can be issued upon such judgment filed in the circuit court; and this view of the law makes the repeal of section 3707 all the more obvious for the reason that the same method of enforcement is provided in the latter statute. Kirby's Dig., § § 4631-2-3, provides that the certified copy of a judgment for more than $10, exclusive of cost, recovered before a justice of the peace, may be filed in the office of the clerk of the circuit court of the county, and entered on the judgment docket of said court; and that "every such judgment, from the time of filing the transcript thereof, shall be a lien on the real estate of the defendant in the county, to the same extent as a judgment of the circuit court of the same county, and shall be carried into execution in the same manner and with like effect as the judgments of such circuit courts."   The effect of this provision is to completely transfer the judgment from the inferior to the superior court, and give it the same force and effect and the same remedies for enforcement as if the judgment had been originally rendered by the latter court.   Section 10 of the act of 1889 (Kirby's Dig. § 3705) provides that "writs of garnishment may be issued from the circuit court of one county to any other county of the State," thus authorizing the issuance of such writs upon all judgments of the circuit court, those rendered by justices of the peace and certified copies of which have been properly filed and docketed in the office of the circuit court, as well as judgments originally rendered by that court.

We do not overlook the decision of this court in *Thompson* v. *Kirkpatrick,* 18 Ark. 580, where it was held that under sections 134, 135, ch. 87 of the Revised Statutes of 1838, which are identical in terms with sections 4631-2-3 of Kirby's Digest, a

writ of garnishment could not be issued from the circuit court upon a judgment of a justice of the peace filed in the circuit court. Chief Justice ENGLISH there said: "The object of this statute was to enable the plaintiff in a justice's judgment to obtain satisfaction thereof by a sale of the real estate of the debtor, which cannot be done by an execution issuing from the justice. Neither this nor any other statute authorizes the issuance of a garnishment from the clerk's office upon judgment, nor the determination of such garnishment in the circuit court." This was tantamount to holding that no remedy was afforded by this statute except for the creation and enforcement of a lien of the judgment rendered by a justice of the peace upon real estate owned by the defendant, and that the judgment still remained upon the docket of the justice as a judgment of his court, with all the statutory methods of enforcement by execution or garnishment intact. The next succeeding section (136) provided that execution might be issued at any time (without exception) by the justice who rendered same. Section 53 of the act of April 29, 1873, "to define the jurisdiction, and regulate the course of proceeding in the courts of justices of peace in civil actions" (Kirby's Dig. § 4634) wrought a radical change with respect to judgments of justices after the same have been filed and docketed in the office of the clerk. It provides, in effect, that thereafter an execution cannot be issued by the justice. Clearly, the effect of sections 4631-2-3, in connection with this section (4634), is to provide a complete transfer of such judgments from justices to the circuit court, with all the remedies for enforcement thereof given to judgments rendered by the latter court. This change in the law brought about a more harmonious condition, and prevents any conflict from arising by reason of the judgment being in force in the circuit court for the purpose of enforcement by one method, and in force with the justice who rendered it for the purpose of enforcement by other methods. No such conflict can arise now, since it becomes fully and for all purposes the judgment of the circuit court.

This view is also in harmony with sections 10 and 11 of the garnishment statute (Kirby's Dig. § § 3705-6), which give the plaintiff in a judgment rendered by a justice the choice of two methods of reaching by garnishment a debtor of the defendant

residing in another county; he can either file a transcript of his judgment in the office of the clerk of the circuit court, and sue out a writ of garnishment from that court under section 3705, or file it before some justice in the county where the garnishee resides, and sue out the garnishment there under section 3706. When the judgment does not exceed $10, only the latter method of enforcement against a garnishee in another county is open.

Learned counsel for appellant urge the hardship which this construction of the statute entails upon a garnishee—especially a railroad corporation—in being required to answer in a garnishment proceeding in a distant county; but this should be addressed to the lawmakers, as a reason for a change in the law, so as to ameliorate the alleged hardship. The same reason might be urged against the provision of the statute allowing the issuance of a writ of garnishment to another county upon a judgment rendered by any court.

The court did not err in overruling the special plea of the appellant, and the judgment is affirmed.