## CAMPBELL *v.* SAMPLES.

Opinion delivered October 25, 1909.

ELECTIONS—IMPLIED—REPEAL OF STATUTE.—Under the general rule that where the later of two statutes covers the whole subject-matter of the earlier, and it is evident that the Legislature intends it as a substitute, the earlier statute will be held to have been repealed, Kirby's Digest, § 1667, providing for the punishment of election officers in certain cases, was repealed by the later act of March 4, 1891.

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; reversed.

*Sam R. Chew,* for appellants.

The acts of 1875 and 1891 cover the same general subject; the latter act is so at war with the former that the former cannot stand. Section 1667 of Kirby's Digest is repealed by act 1891, p. 32. 10 Ark. 588; 27 Ark. 421; 47 *Id.* 488; 31 *Id.* 17; 11 Wall. 88; 43 Ark. 425.

*C. A. Starbird,* for appellee.

The act of 1875 (§ 1667, Kirby's Dig.) is not repealed by act March 4, 1891. 79 Ark. 213.

McCULLOCH, C. J. Plaintiff, Ben Samples, who claimed to be a citizen and qualified elector of a certain township in Crawford County, Arkansas, instituted separate actions in the circuit court of that county against the defendants, C. J. Campbell and Jack Moore, who were judges of election at the general election held on September 14, 1908, to recover the penalty of $200 prescribed by the following statute:

"If any judge or clerk of any election, or any other person concerned in the conducting of any election, shall neglect, improperly delay or refuse to perform any of the duties required by law, having undertaken to do so, or shall be guilty of corruption, partiality or manifest misbehavior in any matter or thing appertaining to such election, or shall unduly attempt to influence the election, he shall forfeit and pay the sum of two hundred dollars, to be recovered by indictment, or by action of debt, in the name of any person who may sue for the same " (Sec. 1667, Kirby's Digest.)

This statute is a section of the general election law enacted January 23, 1875, entitled, "An Act providing a general election law."

The General Assembly enacted another election law, which was approved on March 4, 1891, and was entitled "An act to regulate elections in the State of Arkansas." It provides, as the title of the act implies, a method of conducting elections, and contains the following sections prescribing penalties:

"Sec. 38. Every public officer, upon whom any duty is imposed by this act, who shall wilfully neglect or omit to perform such duty, or who shall do anything which is by this act forbidden, other than the things specifically enumerated in sections 37 and 43 hereof, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by removal from office and imprisonment in the county jail not less than six months nor more than twelve months, or by a fine of not less than one hundred dollars nor more than five hundred dollars, or by both such fine and imprisonment."

"Sec. 43. Any election officer or other person whomsoever who shall wilfully make a false count of any election ballots, or falsely or fraudulently certify the returns of any election, or steal, destroy, secrete or otherwise make way with any election ballot, tally sheet, certificate or ballot box, either before or after the closing of the polls, shall be deemed guilty of a felony, and, on conviction thereof, punished by imprisonment at hard labor in the penitentiary not less than two years nor more than seven years.

"Sec. 44. Any violation of this act by any election officer, or other person whomsoever, except a State or county officer, for which no punishment is elsewhere specifically prescribed in this act, shall be deemed guilty of a misdemeanor, and punishable as in this act provided for misdemeanors." Acts of 1891, p. 32.

The two cases were consolidated, and the trial resulted in favor of plaintiff against the defendants for a recovery of the penalties sued for. On appeal to this court, the contention of the defendants is that the above-quoted sections of the act of March 4, 1891, repealed by implication section 1667, quoted above, and taken from the act of January 23, 1875.

The case of *Brown v. Haselman,* 79 Ark. 213, was a suit brought against the officers of a school election to recover the penalty under section 1667. The argument was made there, as

in this case, that the statute had been repealed by the later enactment. We considered it unnecessary then to pass upon the question, as we held that that section .did not apply to school elections. We are convinced, however, that the judgment in that case should have been affirmed, not only on the grounds stated in the opinion, but also on the further ground that the statute had been impliedly repealed by the act of March 4, 1891. Now that the question is squarely presented, we so hold. This court has a number of times decided that, while repeals by implication are not favored, still "where the later of the two statutes covers the whole subject-matter of the former, and it is evident that the Legislature intends it as a substitute, the prior act will be held to have been repealed thereby, although there may be no express words to that effect, and there be in the old act provisions not in the new." *St. Louis & S. F. Rd. Co.* v. *Bowman,* 76 Ark. 32, and cases cited.

Now, applying this rule to the question presented, it is evident that the sections quoted above from the act of March 4, 1891, cover fully the ground covered by section 1667, Kirby's Digest, and it is not reasonable to presume that the Legislature intended to leave that act in force.

We do not mean to hold that the act of 1891 repeals all the provisions of the act of January 23, 1875, on the subject of general elections. The later act contains no express repeal, but on the contrary it expressly leaves in force some of the provisions of the old law. We have no doubt, however, that the section upon which this act is based was repealed.

The judgment rendered against the two defendants is therefore reversed, and the two action against them are dismissed.