SANDERSON v. WILLIAMS.

Opinion delivered February 2, 1920.

1. STATUTES—IMPLIED REPEALS.—Where there is no express repeal by the last enactment of prior statutes, it is to be presumed that no repeal was intended, and such effect will not be given unless the statutes are in irreconcilable conflict.

2. STATUTES—IMPLIED REPEALS.—Where there is a plain repugnancy between two acts upon the same subject, the latter act repeals the prior, or, if the two acts are not in express terms repugnant, and the later covers the whole subject of the first and embraces new provisions, showing that it was intended as a substitute for the first, the last enactment will stand as the law upon the subject, and the first will be set aside.

3. TAXATION—CLERK'S FEE FOR TAX DEED.—The fee of $1 allowed the county clerk under the revenue law for making a deed to the purchaser of lands forfeited and sold for delinquent taxes is required to be paid by the purchaser, and not by the county; Kirby's Digest, sections 3494, 3495, being to this extent repealed by *Id.*, section 7111.

Appeal from Little River Circuit Court; *James S. Steel,* Judge; affirmed.

*M. E. Sanderson,* for appellant.

Taking our statutes together (Kirby's Digest, sections 3494-5, 7111, Acts 1903, page 51), the county should pay the fee. The general revenue act does not repeal the acts of February 25 and December 13, 1875. The Legislature is presumed to have known of the prior statutes and to have enacted with reference thereto. 76 Ark. 446. Repeals by implication are not favored, and a later act will not repeal a former one unless repugnant or inconsistent. 123 Ark. 184; 101 *Id.* 443; 41 *Id.* 149; 45 *Id.* 90.

Where there is a special act made to apply in particular cases, it only applies and not the general act. 68 Ark. 130; 131 *Id.* 230. These acts were passed to accomplish different purposes and their provisions are not irreconcilable or inconsistent. Both may stand and be operative. 131 Ark. 230. The court erred in declaring the law for appellee.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

The only purpose of the act of 1903 was to make the purchaser of land at tax sale responsible for the fee for executing the deed and sections 3494-5 of Kirby's Digest are inconsistent with it and repealed.

WOOD, J. The question for decision in this case is, whether or not the fee of $1 allowed the county clerk under the revenue law for making a deed to the purchaser of lands forfeited and sold for delinquent taxes is required to be paid by the purchaser at such sale.

The determination of the question involves the construction of sections 3494, 3495 and 7111 of Kirby's Digest, which are as follows:

"Section 3494. For services under the revenue laws, the county clerk shall receive for making a deed to the purchaser for lands sold at delinquent tax sales   *   *   *   $1."

"Section 3495. The fees provided for in section 3494 shall be paid by the county under the order and direction of the county court, except for making out the original tax books, one-half of which shall be paid by the county. * * * ."

"Section 7111. The clerk of the county court of any county in which any lands or lots are situated which have been or may hereafter be sold for taxes, under the provisions of any law of this State, is authorized and required to execute the proper deed therefor to the person entitled to receive the same whether said lot or land shall, at the time of the execution of said deed, continue to be within said county or not, in the same manner as though the said land or lot still remained within the limits thereof, any law to the contrary notwithstanding, for which he shall be entitled to charge and receive a fee of one dollar, to be paid by the person to whom the deed is made."

The history of this legislation is as follows:

An act entitled "An act to establish fees" was approved February 25, 1875. This was a general act having reference to all State and county officers who were allowed fees. Section 13 of that act provides that, "The county clerk shall receive fees for services under the revenue law * * * for making a deed to the purchaser for lands sold at delinquent tax sale $1." This section was digested by Judge Mansfield, under the chapter on Fees, as section 3240. It will be observed that the act as originally passed did not provide as to how the fee of $1 should be paid. The act was amended March 28, 1887. Acts of 1887, p. 139, and again on February 8, 1889. The original act as thus amended was digested as sections 3310 and 3311 by Sandels & Hill, and as sections 3494 and 3495 by Kirby, *supra.* The amendment of March 28, 1887, to the original act, as shown by section 3495, *supra,* provided among other things that the fee of the clerk, as prescribed in the original act, should be paid by the county.

The general revenue act of 1871, section 133, p. 107, and the general revenue act of 1873, p. 294, section 134, and the general revenue act of 1883, section 151, p. 199, all contain precisely similar provisions to that of section 7111 of Kirby's Digest, *supra,* except as to the amount of the fee that the clerk was allowed to charge. The last of these provisions enacted February 17, 1883, was digested as section 6631 of Sandels & Hill's Digest. On February 21, 1903, the Legislature amended section 6631 of Sandels & Hill's Digest so as to make it read as section 7111 of Kirby's Digest, *supra.* The last amendment, it will be observed, consisted only in adding the words, "to be paid by the person to whom the deed is made."

Mr. Sutherland in his work on Statutory Construction, volume 2, section 443, among other things, says: "It is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy and was intended to be consistent and harmonious in its several parts and provisions. For the purpose of learning the intention, all statutes relating to the same subject are to be compared and, so far as still in force, brought into harmony, if possible, by interpretation, though they may not refer to each other, even after some of them have expired or been repealed."

It is a well recognized rule in the construction of statutes that where there is no express repeal by the last enactment of prior statutes it is to be presumed that no repeal was intended. The Legislature must be presumed to have knowledge of prior statutes, especially those relating to the same subject. Hence it will be assumed in the construction of any statute that if the Legislature had intended by such statute to abrogate a prior law on the same subject it will do so in express terms.

Therefore, courts are slow to interpret the last enactment upon any given subject-matter as repealing by implication any prior law upon the same subject, and will not do so unless they find that the statutes are in irreconcilable conflict. *Martels* v. *Wyss,* 123 Ark. 184-7, and cases there cited.

But on the other hand where there is a plain repugnancy between two acts upon the same subject, the later act repeals the former, or if the two acts are not in express terms repugnant and the later act covers the whole object of the first and embraces new provisions, showing that it was intended as a substitute for the first, the last enactment will stand as the law upon the subject, and the first will be set aside.

In *St. Louis & San Francisco Rd. Co.* v. *Bowman,* 76 Ark. 32-4, we said: "But where the later of two statutes covers the whole subject-matter of the former and it is evident that the Legislature intended it as a substitute, the prior act will be held to have been repealed thereby, although there may be no express words to that effect, and there be in the old act provisions not in the new. See *Bell* v. *State,* 120 Ark. 530; *Campbell* v. *Samples,* 92 Ark. 79, and other cases cited in 4th Crawford's Digest, p. 4672, section 49.

Keeping in mind these familiar canons of interpretation, we are convinced, upon a consideration and comparison of all the acts upon the subject, that it was the intention of the lawmakers that the clerk should receive the fee, which he was entitled to charge for making deeds to the purchasers at delinquent tax sales, from the purchaser at such sale and not from the county. While the fee allowed under section 3494 of Kirby's Digest is under a general statute to establish fees for all the officers named therein, nevertheless, the particular fee in controversy was for services under the revenue laws. The act of February 21, 1903, section 7111 of Kirby's Digest, provides compensation for precisely the same service also under the revenue law. These statutes are *in pari materia.* It was manifestly the intention of the Legislature to allow the clerk only one fee for making the deed specified. This fee, as we construe the plain terms of the last enactment, is to be paid by the person to whom the deed is made, no matter whether the lot or land purchased at the time of the execution of the deed is situated in the county where the land was forfeited and where the sale

took place, or whether since that time it had been placed within the boundaries of some other county. The only purpose of the Legislature, by the last enactment on the subject, was to make the purchaser instead of the county pay the clerk's fee for executing the deed.

The judgment of the circuit court so holding was correct, and it is therefore affirmed.