## BOLES *v.* MCNEIL.

### Opinion delivered April 29, 1899.

1. TAX SALE—ADVERTISEMENT—DESCRIPTION OF. LAND.—A tract of land was assessed for taxation by the following description:

| A. W. Dinsmore | Parts of Section E ½ SE. | Sec. 12 | Tp. 20 | R. 32 | Area 80 | Value 160 |
|---|---|---|---|---|---|---|

In the advertisement of the land for sale for delinquent taxes it was described as follows:

| A. W. Dinsmore | Parts of Sec. E² SE. | Sec. 12 | Tp. 20 | R. 32 | Area 80 | Value 160 |

*Held* that the land was sufficiently described in the advertisement. (Page 424.)

2. TAXATION—FILING DELINQUENT LIST OF REAL ESTATE—TIME.—Sand. & H. Dig., § 6574, provides that the collector, after attending at the voting precincts for the purpose of collecting taxes, thereafter shall attend at his office at the county seat *from* the tenth of April each year to receive taxes from persons wishing to pay the same. Section 6589, *ib.*, provides that "at any time after the tenth day of April in each year after such tax may be due, the collector shall distrain sufficient goods and chattels belonging to the person charged with taxes levied upon the personal property to pay the taxes due upon personal property of said person." Section 6603, *ib.*, provides that "the collector shall, by the second Monday in May in each year, file with the clerk of the county court a list or lists of all such taxes levied on real estate as such collector has been unable to collect," etc. *Held*, that the use of the word "from" in section 6574, *supra*, was a clerical misprision for *until;* that the delinquent list of real estate may be filed by the collector at any time after the tenth day of April, and on or before the second Monday in May. (Page 425.)

Appeal from Benton Circuit Court.

EDWARD S. MCDANIEL, Judge.

*E. P. Watson*, for appellant.

The description of the land was sufficient. Cooley, Taxation, 407; 64 Ark. 580; 81 Ind. 180; 78 Ill. 570. The collector had the discretionary power of filing the delinquent list at any time after April 10, and before the second Monday in May. Sand. & H. Dig. §§ 6574 and 6603. The word "by," as used in the statute, means "before." Webst. Dict.; 5 Am. & Eng. Enc. Law (2 Ed.), 82. The use of the word "until" in section 5731 Mansf. Dig. was a clerical error, and one which this court can correct. 34 Ark. 263; 35 Ark. 56.

*J. A. Rice*, for appellee.

A description referring to land as the "E²", etc., is insufficient. 44 Am. St. Rep. 516; 55 N. Y. 200; 59 Ark. 460; 44 Am. St. Rep. 516; 26 Minn. 212; 2 N. Dak. 141. Filing the delinquent list before the second Monday in May was a premature act. 35 Ark. 505.

BATTLE, J. The subject-matter in controversy in this action is the east half of the southeast quarter of section twelve

in township twenty north, and in range thirty-two west, and fractional southwest quarter of the southwest quarter of section seven in township twenty north and in range thirty-one west. Appellee deraigned title to the same from the United States, and the appellant claimed under a purchase at a tax sale. The circuit court held that the tax sale was invalid, and rendered judgment in favor of the appellee against the appellant for the possession of the land.

The court found that the sale of the east half of the southeast quarter of section twelve in township twenty north, and in range thirty-two west, for taxes was invalid, because it was not sufficiently described in the notice of the sale at which it was sold, and held that the sale of both tracts for taxes was void, because they were prematurely returned delinquent on account of the non-payment of the taxes assessed against them for the year 1892.

These lands were assessed for taxation as follows:

|                | Parts of Sec. | Sec. | T. | R. | Area | Value |
|----------------|---------------|------|----|----|------|-------|
| A. W. Dinsmore | E ½ SE.       | 12   | 20 | 32 | 80   | 160   |
| A. W. Dinsmore | Frl. SW. SW.  | 7    | 20 | 31 | 50   | 160   |

Taxes to the amount of $2.08 were levied on each of them for the year 1892. Both tracts were returned delinquent on account of the non-payment of these taxes on the first day of May, 1893. The clerk added a penalty of twenty-five per cent. on the total taxes levied, and caused the same to be advertised for sale for the taxes and penalty due thereon, in the manner provided by law, in words and figures as follows:

|                  | Parts of Sec. | Sec. | T. | R. | A. | Val. | Tax  | Pen. | Total |
|------------------|---------------|------|----|----|----|------|------|------|-------|
| A. W. Dinsmore   | Frl. SW. SW.  | 7    | 20 | 31 | 50 | 160  | 2.08 | .52  | 2.60  |
| A. W. Dinsmore   | E² SE.        | 12   | 20 | 32 | 80 | 160  | 2.08 | .52  | 2.60  |

They were sold by the collector of taxes, pursuant to the advertisement, and were purchased by the appellant. Was the east half of the southeast quarter of section twelve sufficiently described in the advertisement?

The statutes of this state provide that each tract or lot of real property shall be so described in the assessment thereof for taxation as to identify and distinguish it from any other tracts or parts of tracts; and that the same shall be described, if practicable, according to section, or sub-division thereof, and con-

gressional townships. In an endeavor to comply with this requirement of the statutes, the assessor described one of the tracts in controversy in his assessment as follows:

| Parts of Sec. | Sec. | Tp. | R. | Area. | Value. |
| --- | --- | --- | --- | --- | --- |
| E ½ SE. | 12 | 20 | 32 | 80 | $160 |

And the clerk described it in the advertisement for sale as follows:

| Parts of Sec. | Sec. | Tp. | R. | Area. | Value. |
| --- | --- | --- | --- | --- | --- |
| $E^2$ SE. | 12 | 20 | 32 | 80 | $160 |

From these descriptions, it is evident that the clerk, following the description in the assessment, attempted to describe an eighty acres in section twelve, in township twenty, in range thirty-two, in his county (Benton) and in this state. It was a legal sub-division of a section of land,—one-half of a quarter. In a column with the caption, "Parts of Sec." he described it as "$E^2$ SE." The first letter is the abbreviation of east, and the next two of southeast. In the order they were printed, and in the column they stand, they described a part of a section as east of southeast, and that part of a section, as shown by the description, contained eighty acres,—a half of a quarter of a section. They could designate only one legal sub-division of a section, and that is the east half of the southeast quarter. The land so described was the east half of the southeast quarter of section twelve in township twenty, in range thirty-two, and in the county of Benton. Then, again, it was assessed, and advertised for sale, in the name of A. W. Dinsmore, who was the owner of it at the time it was assessed and advertised, subject to a mortgage. This makes the identification of the land more full and complete. We think the description was sufficient. But we do not mean to hold that it would have been sufficient in the absence of the statement of the number of acres the tract described contained.

Was the land prematurely returned delinquent? It was returned on the first day of May, 1893. Appellee contends that it should have been returned on the second Monday in May, 1893, which was the ninth.

Section 5731 of Mansfield's Digest reads as follows: "The collectors shall cause printed notices to be posted in three pub-

lic places in each township, town or city throughout the county, one of which shall be at the place of holding elections in such township, town or city, and published in some newspaper published in the county, if any there be, stating on what day the collector or his deputy will attend at the places of holding elections, in each township, town or city, which day shall not be prior to the first Monday in November of each year, but as soon thereafter as practicable, for the purpose of receiving taxes. The collector or his deputy shall attend, for the purpose aforesaid, on the day and at the places named in such notices, and thereafter shall attend at his office at the county seat until the 10th day of February of each year, to receive taxes from persons wishing to pay the same."

Section 5760 of the same digest reads as follows: "The collector shall, by the first Monday in March in each year, file with the clerk of the county court a list or lists of all such taxes levied on real estate as such collector has been unable to collect, therein describing the land or town or city lots on which said delinquent taxes are charged, as the same are described on the tax-book, and the collector shall attach thereto his affidavit to the correctness of such list. The clerk of the county court shall carefully scrutinize said list, and compare the same with the tax-book and record of tax receipts hereinbefore provided for, and shall strike from said list any tract of land, town or city lot upon which the taxes have been paid, or which does not appear to have been entered upon the tax-book, or that shall appear from the tax-book to be exempt from taxation."

The act entitled "An act to amend the revenue laws of this state," approved March 28, 1887, amended many sections of Mansfield's Digest by merely changing the time when various acts should be done. It amended section 5731 by changing the word November to January, and the word "until" in the last sentence to "from," and the word February to April, making the last sentence as amended read: "The collector or his deputy shall attend, for the purpose aforesaid, on the day and at the place named in such notice, and thereafter shall attend at his office at the county seat from the 10th day of April of each year, to receive taxes from persons wishing to pay the same." It amended section 5760 by changing the words "first Monday

in March" to the words, "second Monday in May," and omitting the words "hereinbefore provided for," in the last sentence.

The decision of the last question in this case involves to some extent the construction of these two sections. Much depends upon the effect that shall be given to the word "from" in the last sentence in section 5731, as amended. The question presented by it is, was the use of it a clerical error?

Section 5731, as amended, after providing that the collector or his deputy shall attend at the places of holding elections in his county, for the purpose of receiving taxes, says: "and thereafter [he] shall attend at his office at the county seat from the 10th day of April of each year, to receive taxes from persons wishing to pay the same." It obviously means that the collector shall commence receiving taxes at the county seat immediately after he has attended the places of holding elections. The word "thereafter" denotes the beginning of the receiving of taxes at the county seat. Giving the word "from" in the same sentence full force and its literal meaning, the collector would be required to commence receiving taxes at the county seat at two different periods of time. That is impossible. The legislature evidently meant to say, "and thereafter [he] shall attend at his office at the county seat until the 10th day of April of each year, to receive taxes from persons wishing to pay the same." The word "from" is a clerical error evidently, made in copying section 5731 of Mansfield's Digest. This is made apparent by the sections following, which prescribe the duties of the collector after the 10th of April. Section 5746 of Mansfield's Digest, as amended by the act of March 28, 1887, says: "At any time after the tenth day of April, in each year, after such tax may be due, the collector shall distrain sufficient goods and chattels belonging to the person charged with taxes levied upon the personal property, to pay the taxes due upon the personal property of said person, and a penalty of twenty-five per centum thereon, * * * and the costs that may accrue, and shall immediately proceed to advertise the same in three public places in the county, stating the time when, and the place where, said property shall be sold." From the two sections quoted, it is apparent that the legislature intended that the collector shall

remain at his office at the county seat until the tenth day of April, for the purpose of receiving taxes on all classes of property, and that he may then proceed to collect unpaid taxes on personal property by distraint.  Any other construction would make the two sections conflict; for a different construction would make the former section require the collector to remain at his office at the county seat after the tenth day of April, to receive taxes on personal property and lands, while the latter would make it his duty to leave his office after the tenth day of April for the purpose of collecting taxes on personal property by distraint.

Tax-payers are allowed by the act of March 28th from the first Monday in January to the tenth day of April in each year to pay taxes on all classes of property without penalty. After that time the collector may distrain to pay taxes on personal property, which have not been collected, and a penalty of twenty-five per cent. thereon, and may make out a list of the real property on which the taxes have not been paid.  He is required to file such list by the second Monday in May of each year.  Owners of land may pay taxes thereon at any time before the list is filed, without paying a penalty, but there is no duty upon the collector to keep the tax books open for that purpose after the tenth day of April.  He can file a list of the lands on which the taxes have not been collected at any time after the tenth of April, and on or before the second Monday in May.

It follows that the lands in controversy were not prematurely returned delinquent on account of the non-payment of the taxes of 1892.

Reversed and remanded for a new trial.