HENRY v. STATE.

Opinion delivered January 13, 1906.

1. APPEAL—HARMLESS ERROR.—If it be error to permit members of the grand jury to testify concerning statements of the accused before the grand jury, such error is harmless if accused admits the facts so testified to. (Page 454.)

2. LIQUORS—CONSTRUCTION OF "BLIND TIGER" STATUTE.—Under Kirby's Digest, § 5141, providing that if any person shall obtain any liquors in any house, room or tenement owned, occupied or controlled by another, "it shall be *prima facie* evidence of the guilt of the person who so owns, occupies or controls such house, room or tenement," the use or control of the house in which the liquor is obtained need not be habitual or permanent, it being sufficient if the house was used or controlled by the accused at the time the liquor was obtained therein. (Page 454.)

3. SAME.—INSTRUCTION IGNORING EVIDENCE.—In a prosecution for a violation of the "blind tiger" statute (Kirby's Digest, § 5140 *et seq.*) where the State's evidence tended to prove (1) that the sale was made in a house occupied or controlled by defendant, and (2) that defendant actually participated in the illegal sale, it was not error to refuse to instruct the jury to acquit defendant if they believed that he was "using said house only for a store room for barrels and other plunder," as the request ignored the evidence of defendant's participation in the sale. (Page 455.)

Error to Howard Circuit Court; JAMES S. STEEL, Judge; affirmed.

*D. B. Sain,* for appellant.

1. It was error to permit witnesses Coleman and Huddleston to testify to statements of appellant before the grand jury. One accused of crime cannot be compelled to incriminate himself before the grand jury, nor his testimony before them be used against him on the trial. 15 Ark. 649; 13 Ark. 307; 14 Ark. 539; 20 Ark. 106; 2 Ark. 229.

2. Instructions 1 and 2 asked by defendant should have been given.

*Robert L. Rogers, Attorney General,* for appellee.

1. Defendant was not prejudiced by testimony of the grand jurors; but, if prejudicial, the error was cured by defendant's own testimony at the trial.

2. Instructions asked by defendant were fully covered by the instructions given.

McCULLOCH, J. Appellant was convicted, under the "blind tiger statute," of selling whisky without license, and a fine of $400 was adjudged against him. He was a distiller of ardent spirits in Howard County. The State proved the sale of a quart of whisky by a negro to the witness Bridgman at a house near defendant's distillery. Another witness introduced by the State testified that he had seen whisky in this house kept in a large white jug holding four or five gallons; that he had also seen the jug empty, and had seen the defendant fill it at his distillery a great many times and carry it across the road to the house in question where the negro made the sale to Bridgman. Bridgman testified that the negro drew the whisky sold to him from a large jug or demijohn holding four or five gallons.

The first ground for reversal assigned by appellant is that the court erred in permitting the State to prove by members of the grand jury that he (appellant) had admitted in his testimony before the grand jury that he had used the house where the whisky was sold to Bridgman as a storage room for boxes, barrels and plunder. It is sufficient to dispose of this contention to say that appellant went upon the witness stand in his own behalf at the trial and testified to the same fact attributed to him in his statement before the grand jury. If it was error to permit members of the grand jury to testify concerning his statements before that body, the error was rendered harmless by the admissions of defendant, as to the identical facts testified to, made on the trial of the case. His admission as to the truth of the facts cured any error made by the State in the method of proving those facts.

Appellant also assigns error of the court in refusing to give two instructions asked by him. The substance of the first was fully covered by another instruction given by the court wherein the jury were told that "the burden of proof rests upon the State to prove that the defendant did, in the county of Howard, and State of Arkansas, within twelve months before the finding of the indictment, sell vinous, malt, fermented or intoxicating liquors; and unless this has been done to your satisfaction beyond a reasonable doubt, you will find the defendant not guilty."

The second instruction asked by appellant was erroneous in that it told the jury that "the word used in the statute has reference to the habitual or permanent use of the house for a purpose,

and that this purpose must be in the utilization of the said house for the purpose of the illegal sale of whisky." This is not the law. Under the statute, the use or control of the house need not be "habitual or permanent." It is sufficient to convict if the proof shows that it was used or controlled by the defendant at the time of the illegal sale of liquor therein. That raises a presumption of the defendant's guilty participation in the illegal sale. Kirby's Digest, § § 5140, 5141.

The second instruction was properly refused, for the additional reason that it disregarded the other testimony, aside from the proof of his use of the house, tending to show defendant's participation in the illegal sale, and told the jury that they should acquit him if they believed that he "was using said house only for a store room for barrels and other plunder." There was sufficient evidence to warrant the jury in finding that defendant participated in the illegal sale, even though they did not find that he was using or controlling the house.

We find no error in the proceedings, and the judgment is affirmed.