## STATE *v.* BLACK.

### Opinion delivered July 22, 1908.

1. APPEAL BY STATE IN CRIMINAL CASES—EFFECT.—Under Kirby's Digest, § 2618, providing that "a judgment on a verdict of acquittal of an offense, the punishment of which is imprisonment, shall not be reversed," there can be no reversal in any criminal case in which the prosecuting attorney has prayed an appeal from a judgment of acquittal if the crime may be punished by imprisonment. (Page 569.)

2. LIQUORS—"BLIND TIGER ACT"—CONSTRUCTION.—Kirby's Digest, § § 5140-5148, known as the "Blind Tiger Act," forbids not only the sale or giving away of intoxicating liquors, but also the maintaining of places where such liquors are either sold or given away. (Page 570.)

Appeal from Randolph Circuit Court; *John W. Meeks,* judge; court adjudged to have erred.

#### STATEMENT BY THE COURT.

Marvin Black and Frank E. Adair were convicted before a justice of the peace in Randolph County upon information filed by the deputy prosecuting attorney charging them with maintaining a place for selling and giving away liquor without license, contrary to section 5140, Kirby's Digest, and fined $200 each Upon appeal to the circuit court the following facts were established:

That the defendants conducted a cold storage business in a building which had formerly been occupied by a saloon in the town of Pocahontas, and intoxicating liquors as well as other

articles were kept in cold storage. This plan was pursued: Their customers or patrons would purchase and have delivered to them certain quantities of beer, to be kept in storage, for which they paid at the rate of five cents per bottle. This beer was ordinary malt beer, an intoxicant. The defendants gave their customers cards containing as many stars as they had bottles of beer in storage, and one of these stars would be punched for each bottle taken out by the customer, who would frequent the place with friends and have bottles of beer served to himself and friends, and it was usually drunk there on the premises. Liquor was also stored there, and the owner thereof would call with friends and give them drinks from his bottle or jug. Large quantities of beer and liquor were delivered at this cold storage warehouse. It came addressed to the owner, sometimes in care of defendants, and in some instances was hauled there at the direction of the defendants and in other instances at the direction of the parties to whom it was addressed.

The court refused instructions substantially in the language of sections 5140 and 5141 of Kirby's Digest, as amended by the act of 1907, and gave instructions 1, 2 and 4 over the objections of the State, which instructions are as follows:

"1. You are instructed that in this case the defendants are not charged with the sale of liquors in violation of the general statute prohibiting the sale of intoxicating liquors without license, and the State is not asking a conviction of the defendant of the offense of selling liquor without license. They are charged with violating a special statute by operating a Blind Tiger in the town of Pocahontas. If you find from the testimony beyond a reasonable doubt that the defendants did, within the incorporate limits of the town of Pocahontas, in Randolph County, Arkansas, and in the DeClerk building and within one year before the filing of the information herein, either openly or secretly and by any kind of device, sell either alcohol, ardent, vinous or malt liquors, then you should convict; otherwise you should find the defendants not guilty."

"2. You are instructed that if you find from the testimony beyond a reasonable doubt that the defendants kept or allowed to be kept in said building and at the time aforesaid any of the liquors aforesaid mentioned, to be sold by device, then you should convict; otherwise you should acquit."

"4. You are instructed that it is no violation in this case for the defendants to have given away any of the liquors charged in the complaint, unless you should find that it was a part of a plan on their part to evade the law and dispose of it for profit by some kind of device in violation of law."

The defendants were acquitted, and the State appeals.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* Assistant, for appellant.

The court ought to have given instructions 1 and 2, requested by the State. Kirby's Digest, § § 5140, 5141. The refusal of the court to charge the jury that the fact that defendants allowed persons to pass through and into the rooms of their saloon building was *prima facie* evidence of their guilt, or at least a circumstance which would raise a presumption of guilt, was tantamount to a nullification of the concluding clause of section 5141, Kirby's Digest. This was a "blind tiger," pure and simple, and the parties were resorting to a mere subterfuge, as shown by the evidence, to evade the operation of the liquor laws. 43 Ark. 389; 39 Ark. 204; 4 Ia. 443; 8 Metc. (Mass.) 525; 85 Miss. 338; 83 N. C. 668.

*Witt & Schoonover,* for appellees.

Under the instructions given, the jury were told to convict if they found that any liquors were kept or permitted to be kept for sale by device; and under the evidence this was all the State could ask and all it was entitled to have. 77 Ark. 453.

HILL, C. J., (after stating the facts). This is an appeal taken by the State pursuant to sections 2616, 2617, Kirby's Digest. As the crime of which the defendants were acquitted may be punished by imprisonment (section 5146, Kirby's Digest), the judgment of acquittal cannot be reversed. Section 2618, Kirby's Digest. Therefore, the only useful purpose of this appeal is to point out errors in the rulings of the trial court, if any occurred.

The instructions given by the court, which may be found in the statement of facts, are all erroneous as applied to the facts of this case. These instructions might be correct under such cases as *Glass* v. *State,* 45 'Ark. 173, and *Henry* v. *State,* 77 'Ark. 453, which were prosecutions for sales under the act. But

this is a prosecution for maintaining a place where liquors are allowed to be given away, and instructions as to sales, under the same section, are inapplicable.

The object of this statute against the clandestine sale of liquors is too well known to require any discussion. It was not aimed at mere sales or gifts of liquors (other statutes covered those subjects), but it was aimed at places maintained where intoxicating liquors were either sold or given away. It was against the maintenance of such places, considered by the Legislature to be harmful to the public morals, that this legislation was directed. Its salutary object would be largely defeated if confined to sales, and the Legislature did not confine it to sales, but made it equally forbid the maintenance of places where liquors are given away, or kept for sale or gift, or allowed to be given away, and it is the duty of the courts to enforce it as written. This important part of the statute was totally ignored by the trial court, and there was evidence sufficient to have justified the jury in convicting the defendants if they had been properly instructed. And there were no better instructions, indeed, than to give them the language of the law itself. It is plain, easy of comprehension, and needs no explanation.

The instructions asked by the State were substantially the statute, and should have been given; and, had they been given, the State would have been entitled to a conviction, had the State's evidence, the substance of which is set out in the statement of facts, been believed by the jury.

The judgment of the court is that the trial court erred in giving the instructions which were given, and in refusing to give the instructions asked by the State.