## MARTELS *v.* WYSS.

### Opinion delivered March 27, 1916.

1. STATUTES—REPUGNANCY—REPEAL BY IMPLICATION.—Repeals by implication are not favored, and when two statutes covering the whole or any part of the same subject matter are not absolutely irreconcilable, effect should be given, if possible, to both; it is only where two statutes relating to the same subject are so repugnant to each other that both can not be enforced, that the last one enacted will supersede the former, and repeal it by implication.

2. STATUTES—CONFLICT—CONSTRUCTION.—Where there is a seeming conflict between two acts, all rules for judicial construction are to be applied, to the end that they may be reconciled before reaching the conclusion that the one repeals the other.

3. TAXATION—DELINQUENT. TAXES—PENALTY—REPEAL OF STATUTE.—Act 415, page 361, Public Acts 1911, fixing a uniform date for paying taxes without penalty, and providing for such penalty, does not repeal Kirby's Digest, § § 7083 and 7084.

4. TAXATION—DELINQUENT TAXES—COLLECTION.—Act 415, page 361, Public Acts of 1911, *held* to provide that where the owner pays his taxes after the 10th day of April, and before the 25 per cent. penalty is added by the clerk under Kirby's Digest, § 7084, the collector is required to extend the penalty of 10 per cent. against such delinquent taxpayer, and collect the same, and this provision of the law does not change the duty of the clerk as defined in Kirby's Digest, § § 7083 and 7084.

Appeal from Polk Chancery Court; *Jas. D. Shaver,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

L. R. Martels instituted this action in the chancery court against Jeff McKinnon to foreclose a vendor's lien on a quarter section of land in Polk County, Arkansas.

Caesar Wyss filed an intervention claiming the land under a tax deed executed to one R. P. Harris. Harris deeded the land to Wyss. The land was sold at a tax sale on the second Monday in June 1911: that being the 13th day of the month.

Plaintiff Martels filed a reply to the intervention of Wyss in which he alleged that the land was sold for a penalty of 25 per cent. when only a 10 per cent. penalty should have been added; that the overcharge in penalty amounted to seventy-three cents and avoided the sale.

The court found that the tax sale was valid and that Caesar Wyss was the owner of the land. The lien of the plaintiff Martels was therefore denied and the recital thereof in the deed was canceled as a cloud upon the title of Caesar Wyss.

From the decree entered of record the plaintiff Martels duly prosecuted an appeal to this court.

*W. Prickett* and *J. I. Alley,* for appellant.

1. The Act of 1911, p. 361, repeals §§ 7069 and 7084 of Kirby's Digest. The penalty should only have been 10 per cent. and the sale for 25 per cent. is void. Kirby's Dig., § 7083-4, 7069; 66 Ark. 428; 100 *Id.* 507; 40 *Id.* 448; 61 *Id.* 36; *Ib.* 414; 63 *Id.* 475; 77 *Id.* 570; 86 *Id.* 578; 72 *Id.* 254.

*Minor Pipkin,* for appellee.

The act does not change, amend or repeal sections 7069, 7083-4, Kirby's Digest. The land was properly sold for the 25 per cent. penalty. 6 Ark. 484; 70 *Id.* 83; 63 *Id.* 573; Cooley, Const. Lim. 455. The tax sale was valid.

HART, J., (after stating the facts). It is contended by counsel for appellant that the act* approved May 31, 1911, fixing a uniform date for paying taxes without penalty, and providing for such penalty repeals sections 7083 and 7084 of Kirby's Digest. Sections one and two of the Act of 1911 read as follows:

"Section 1. All taxes levied on real estate and personal property by the several county courts of the State, when assembled for the purpose of levying taxes, shall be deemed to be due and payable at any time from the first Monday in January to and including the 10th day of April in each year, and all such taxes remaining unpaid after the 10th day of April shall be considered as delinquent, and it is hereby made the duty of the collector to extend a penalty of 10 per cent. against all such delinquent tax payers that have not paid their taxes within the time limit above specified, and the collector shall col-

---

* Act 415, page 361, Public Acts of 1911.—(Rep.).

lect said penalty in the same manner and at the same time he collects other delinquent taxes."

"Section 2. The clerk of the county court, at the time of making settlement with the collector, shall carefully examine the record of tax receipts as kept by the collector and shall charge said collector with a sum equal to 10 per cent. of all tax receipts recorded subsequent to the 10th day of April. Provided, all errors or omissions of the collector in recording any tax receipt shall be exempt from the penalties herein prescribed." General Acts of 1911, page 361.

Section 7083 and 7084 of Kirby's Digest reads as follows: "Section 7083. The collector shall, by the second Monday in May in each year, file with the clerk of the county court a list or lists of all such taxes levied on real estate as such collector has been unable to collect, therein describing the land or city or town lots on which said delinquent taxes are charged as the same described on the tax books, and the collector shall attach thereto his affidavit to the correctness of such list. The clerk of the county court shall carefully scrutinize said list and compare the same with the tax-book and record of tax receipts, and shall strike from said list any tract of land, city or town lot upon which the taxes shall have been paid, or which does not appear to have been entered upon the tax-book, or that shall appear from the tax-book to be exempt from taxation."

"Section 7084. No taxes returned delinquent as aforesaid shall be paid into the State treasury, except by the collector. It shall be the duty of the clerk of the county court to add a penalty of 25 per centum upon all taxes so returned delinquent, which penalty shall be collected in the manner provided for the collection of delinquent taxes."

Prior to the passage of the Act of 1911 in question, tax payers were allowed to the 10th day of April to pay taxes on all classes of property without a penalty. After that time, under section 7069, the collector might distrain to pay taxes on personal property, which had not been

collected, and a penalty of 25 per cent. thereon. Under section 7083, he was required to make a list of real property, on which taxes had not been paid, to the 10th of April, and was required to file such list with the county clerk by the second Monday in May of each year. Owners of land might pay taxes thereon at any time before the list was filed without a penalty but there was no duty upon the collector to keep the tax books open for that purpose after the 10th of April. In other words under the old act, the tax collector might close the books after the 10th day of April and refuse to receive payment of taxes by the owners but if he chose to keep open the tax books until he filed the list with the clerk, the owner might pay his taxes without paying a penalty. *Boles* v. *M'Neil,* 66 Ark. 422.

There is no express repeal of sections 7083 and 7084 by the Act of 1911; but it is insisted that they are repealed by implication. The Legislature of 1911 did not take up the whole subject-matter. If they had intended to do so it is probable that some reference would have been made to the prior acts on the subject. Counsel do not point specifically to any invincible repugnancy between the old and the new statutes.

(1-2) Repeals by implication are not favored, and when two statutes covering the whole or any part of the same subject-matter are not absolutely irreconcilable, effect should be given, if possible to both. It is only where two statutes relating to the same subject are so repugnant to each other that both can not be enforced, that the last one enacted will supersede the former and repeal it by implication. *Carpenter* v. *Little Rock,* 101 Ark. 238; *Benton* v. *Willis,* 76 Ark. 443; *Coats* v. *Hill,* 41 Ark. 149; *Blackwell* v. *State,* 45 Ark. 90. Tested by this cardinal rule of construction we can not say that the repugnancy between the new statute and the old one is plain and unavoidable. The conflict is more seeming than real; and in case of a seeming conflict between two acts, all rules for judicial construction are to be applied, to the end that

they may be reconciled before reaching a conclusion, that the one repeals the other.

(3-4)    The Act of 1911 does not cover the whole subject-matter of the prior statutes on the subject. No reference is made in it to the prior statutes. It we should hold that the later act repeals the former, there would be a radical change in the method of extending delinquent taxes on real estate and collecting the same and this too without any language being used in the later act that would indicate that the Legislature contemplated such a sweeping change. As the old act was construed by this court, the collector was not required to keep the tax books open after the 10th of April of each year but if he did keep them open, the owner of real property might pay his taxes at any time before the collector was required to file his delinquent list with the county clerk without being subject to a penalty.

Under the provisions of the new act the collector is required to extend a penalty of 10 per cent. against all tax payers who have not paid their taxes to and including the 10th day of April in each year. (We think the obvious meaning of the statute is that where the owner pays his taxes after the 10th day of April, and before the 25 per cent. penalty is added by the clerk under section 7084 of Kirby's Digest, that the collector is required to extend the penalty of 10 per cent. against such delinquent tax payers, and collect the same). The old law remains as it was; that is to say it is still the duty of the collector to file with the county clerk a delinquent list of real estate on or before the second Monday in May and it is still the duty of the county clerk to carefully scrutinize said list and compare it with the tax books and record of tax receipts, etc., as required by section 7083 of Kirby's Digest. It is still his duty under section 7084 to add a penalty of 25 per cent. upon all taxes so returned delinquent. When so construed the two acts are harmonious and present a complete system for collecting taxes from delinquent tax payers. This construction is borne out by section 2 of the Act of 1911. Under it the

county clerk at the time of making settlement with the collector is required to carefully examine the record of tax receipts as kept by the collector and is required to charge the collector with a sum equal to 10 per cent. of all tax receipts recorded subsequent to the 10th day of April. Before the passage of the act, the collector at his option might keep the tax books open after the 10th day of April but he was not required to do so and could not collect any penalty from the delinquent tax payer. No penalty could be added until the clerk added it pursuant to section 7084 of Kirby's Digest. We think it is evident that the Legislature only intended to require the sheriff to extend and collect a penalty of 10 per cent. on all taxes collected by him subsequent to the 10th day of April and before the time the 25 per cent. penalty was added by the county clerk, under section 7084 of Kirby's Digest.

It is conceded by counsel for Martels that the tax sale was in all respects valid except as to the amount of the penalty. They contended that the penalty charged should have been 10 per cent. and not 25 per cent. They admitted that if the penalty is 25 per cent. then the judgment is correct. In other words, they conceded that the judgment is correct unless the Act of 1911, under consideration repeals sections 7083 and 7084 of Kirby's Digest. Having held that the later act does not repeal the prior one, the judgment must be affirmed.