STATE v. ADAMS.

Opinion delivered March 1, 1920.

1. FISH—REGULATION OF TAKING AND USING.—Since fish are *ferae naturae* and common property, the Legislature may pass laws regulating the rights of each individual in the manner of taking and using the same.

2.  FISH—LOCAL LAWS.—Where the necessity exists for the preservation of the fish in certain localities, the Legislature may, in the exercise of the police power, pass special laws for such localities.

3.  CONSTITUTIONAL LAW—REGULATION OF TAKING OF FISH A LEGISLATIVE QUESTION.—In the exercise of the plenary powers over the taking of fish, the Legislature may regulate the manner thereof, and the necessity of particular regulations is a legislative question, and the courts will not set up their judgment against that of the Legislature and hold a police law to be invalid unless it is clearly shown to have no reasonable tendency to accomplish the desired end.

4.  FISH—LICENSE FOR CATCHING BUFFALO, GAR AND CATFISH.—Special Acts, 1919, No. 99, providing that the county judge of Chicot County may issue to the highest bidder a license for the purpose of catching buffalo, gar and catfish in the waters of Lake Chicot with a seine, being intended to propagate and preserve the game fish, can not be held to be arbitrary and unnecessary to accomplish the purpose intended.

5.  STATUTES—GENERAL AND SPECIAL ACTS.—A general act does not repeal by implication a prior special act on the same subject, when the acts are not repugnant or inconsistent.

6.  FISH—REPEAL OF SPECIAL ACT.—Special Acts, 1919, No. 99, regulating the taking of buffalo, gar and catfish in certain lakes in Chicot County, was not repealed by General Acts 1919, No. 276, amending the laws creating a game and fish commission, etc.

7.  CRIMINAL LAW—JUDGMENT OF ACQUITTAL NOT REVERSIBLE WHEN.—A judgment of acquittal of a misdemeanor punishable by fine and imprisonment can not be reversed on appeal by the State.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; affirmed.

*B. F. Merritt,* for appellant.

1. Act 99, Acts 1919, is constitutional and 73 Ark. 243 does not apply.

2. It was not repealed by act No. 276, Acts 1919. 45 Ark. 90; 50 *Id.* 132; 68 *Id.* 130; 107 *Id.* 381.

*Streett & Burnside,* for appellee.

Act 99 is repealed by act 276, but, if not, it is unconstitutional. 110 Ark. 204; 117 *Id.* 54. The $50 paid the State for license and the 16 per cent. exacted by the

county cover the same privilege and is double taxation and void.

HART, J. It is conceded by counsel on both sides that the issues raised by this appeal are:

*First.* Whether or not act 99 of the Acts of 1919 regulating the seining of fish other than game fish in certain lakes in Chicot County is constitutional; and,

*Second.* Whether this act has been repealed by the general game and fish law subsequently passed at the same session of the Legislature.

Act 99 was approved February 20, 1919. See Special Acts of 1919, p. 177.

Section 1 of the act provides that the county judge of Chicot County may issue a license or licenses for the purpose of catching buffalo, gar and cat fish in the waters of Lake Chicot and other lakes in Chicot County with a seine not less than 300 feet long and with meshes not less than four inches square and that said license or licenses shall be awarded to the highest competent and responsible bidder after being duly advertised under the terms of the act.

Section 3 makes it unlawful for any person to seine or catch any fish in said waters except as provided by law and makes the violation of the act a misdemeanor.

Section 6 provides that the provisions of the act shall be cumulative of other laws for the protection of fish, and that only such laws as are in direct conflict with the act are repealed.

This court has said that fish are *ferae naturae,* and as far as any right of property in them can exist it is in the public or is common to all. Hence the court has recognized that the Legislature may pass laws regulating and restricting the common right of individuals to catch fish for the purpose of protecting the same from extinction. To accomplish this purpose, the Legislature may pass laws regulating the rights of each individual in the manner of taking and using the common property. *Lewis v. State,* 110 Ark. 204. So where the necessity exists for

the preservation of wild game and fish in certain localities of the State, the Legislature may, in the exercise of the police power, pass game and fish laws for such localities. *Lewis* v. *State, supra,* and *Sherrill* v. *State,* 84 Ark. 470. This power is conceded by counsel, but it is said that such laws must apply in such localities to all persons equally. Counsel claims that it is a matter of common knowledge of which the court will take judicial notice that buffalo and cat fish are edible fish, and urge that it is contrary to the principles of law announced in the above decisions that the catching of these fish with a seine in the waters of Lake Chicot and the other designated lakes in Chicot County should be let to the highest bidder.

In *Smith* v. *Maryland,* 59 U. S. (18 How.) 71, the Supreme Court of the United States recognized that it has become a settled principle of public law that the power resides in the several States to regulate and control the right of fishing in the public waters within their respective jurisdictions.

In *State* v. *Lewis,* 20 L. R. A. 52, the Supreme Court of Indiana, after recognizing this rule, said: "We think this states the true rule, and if, as we have said, the public has an interest in their protection and growth, and the Legislature has the right to prohibit their being taken from the waters during certain seasons of the year, and by certain means, then the Legislature has exclusive control over the matter, and may prohibit their destruction and prohibit their being taken from the waters in any other manner than that prescribed by statute, for, if the Legislature has any control over the subject, it has full control, and is the exclusive judge as to the extent and manner in which they shall be lawfully taken from the water." See also *Lawton* v. *Steele* (N. Y. Court of Appeals), 7 L. R. A. 134, and *People* v. *Collison* (Mich), 48 N. W. 292. So it may be said, in the exercise of its plenary power over the taking of fish, the State may regulate the manner thereof, and the necessity of particular regulations is a legislative question. The courts will not set up their judgment against that of the Legislature

and hold a police law to be invalid unless it is clearly shown to have no reasonable tendency to accomplish the desired end.

Section 4 of the act provides that any species of game fish caught in the meshes of the seine which is being used under provisions of the act, shall be restored unharmed to the waters of the lake. It further provides that the seine shall not be operated during the spawning season, which is defined.

Section 5 provides that the purpose of this act is largely for the propagation, protection and increasing of the game fish in the waters designated. Hence, if the Legislature in its discretion deems it expedient to get rid of the gar, buffalo, and cat fish in order to propagate and preserve the game fish, the court can not say that it did not have the power to do so, and that its action was arbitrary and unnecessary to accomplish the purpose intended.

It follows that Special Act 99 passed by the Legislature of 1919 and approved February 20, 1919, is constitutional.

It is next contended that this act is repealed by Act 276 passed at the same session of the Legislature and approved on the 17th day of March, 1919. This was an act to amend the general laws of the State creating a State Game and Fish Commission, and to protect game and fish and to regulate the killing and taking of the same.

The special act above referred to, under which this prosecution was instituted, was passed by the Legislature for the conservation of the game fish in certain designated public waters in Chicot County, Arkansas. The lakes in question abounded in game fish of all kinds and also in gar, buffalo and cat fish. It was known that these latter preyed upon the game fish and destroyed their spawn, so that it was thought that the game fish were in danger of extermination or at least of being greatly diminished in quantity. Hence it was deemed expedient by the Legislature to pass the special act in question for their protection. So it will be seen that the right to use

the seine to catch gar, buffalo and cat fish was let to the highest bidder in order to protect the game fish and not for the purpose of giving an advantage to the user of the privilege over other individuals. The general act for the protection of game and fish throughout the State did not cover the purpose of the special act. It operated in a different field, and the two acts, instead of being in conflict, supplement each other.

It is well settled in this State that a general act does not repeal by implication a prior special act on the same subject when the acts are not repugnant nor inconsistent. *Jones* v. *Oldham,* 109 Ark. 24.

Again, in *Martels* v. *Wyss,* 123 Ark. 184, the court said: "Repeals by implication are not favored, and when two statutes covering the whole or any part of the same subject-matter are not absolutely irreconcilable, effect should be given, if possible, to both. It is only where two statutes relating to the same subject are so repugnant to each other that both can not be enforced, that the last one enacted will supersede the former and repeal it by implication."

The general act does not in express terms repeal the special act, and, tested by the rule of construction just announced, we do not think there is any real conflict between the two acts, and that the latter does not repeal the former by implication.

The defendant was acquitted, and the appeal in this case was taken by the State. The offense was made punishable by a fine and imprisonment in the county jail. Hence there can be no reversal of the judgment in this case. *State* v. *Black,* 86 Ark. 567, and *State* v. *Smith,* 94 Ark. 368.

It follows that the judgment must be affirmed.