ANCIENT ORDER OF UNITED WORKMEN *v.* PARAGOULD
SPECIAL SCHOOL DISTRICT No. 1.

Opinion delivered April 26, 1920.

1. SCHOOLS—TRANSFER OF CHILDREN AND TAX FROM ONE DISTRICT TO ANOTHER.—Kirby's Dig., §§ 7639, 7640, providing for transfer of the children or wards of any person from one district to an adjoining one, and that when such transfer is ordered the district school tax of such person "shall be added to the school revenues of the district to which he has been transferred, and shall not be included in the school revenues of the district where he resides," applies to the transfer of children for educational purposes to or from a single school district.

2. SCHOOLS—TRANSFER OF DISTRICT SCHOOL TAX—COMPLAINT.—A complaint by a school district and a bond creditor thereof, alleging that taxes collected from lands owned by certain residents of the district had been credited to an adjoining school district, and praying for a decree restraining the crediting of such taxes to the latter district, was defective in failing to allege that the plaintiff school district was entitled to such taxes.

3. SCHOOLS—TRANSFER OF REVENUE—RIGHT OF CREDITOR TO OBJECT.—A bond creditor of a school district can not object to the transfer of the property of residents to another district and the crediting of their taxes thereto, without showing that such transfer will diminish the revenues of the district to the extent that they will be insufficient to pay the debt.

4. SCHOOLS—TRANSFER OF TAXES—COMPLAINT TO ENJOIN.—A complaint by a school district asking that county officers be restrained from crediting taxes from lands of residents of such district to an adjoining district is defective on demurrer where it fails to allege that complainant was entitled to such taxes.

5. CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACT.—The transfer of taxable property from one school district to an adjoining one can not be attacked on the ground that it impairs the security of a bond creditor of the former district to whom its building fund had been pledged, in the absence of any showing that such transfer would so deplete the funds of the district as to endanger the security of the bond holders.

6. SCHOOLS—TRANSFER OF CHILDREN AND TAXES—EFFECT.—The fact that a school district has borrowed money for building purposes will not prevent a resident from having his children and property transferred to an adjoining district, on the theory that a greater burden will be thrown on those remaining in the district, since it is presumed that they get the benefit of such improvements; if there are peculiar circumstances which create an additional burden on the remaining property owners, they should be pleaded and proved.

Appeal from Greene Chancery Court; *Archer Wheatley,* Chancellor; affirmed.

*R. W. Bandy,* for appellant.

The demurrer admits the truth of the allegations of the complaint. The loan here was made pursuant to act 169, Acts 1911, page 141. The facts alleged show an obvious violation of appellant's rights, for which the judgment should be reversed.

McCulloch, C. J.   This is an action instituted in the chancery court of Greene County by the Mt. Carmel Rural Special School District No. 18, of Greene County, and the Ancient Order of United Workmen, a fraternal insurance society, against Paragould Special School District No. 1, and the county judge, the county clerk and the collector of said county to restrain the county officers from crediting to the Paragould Special School District the school taxes levied and collected on certain lands situated in Mt. Carmel School District.

It is alleged in the complaint that said districts were organized by orders of the county court of Greene County as single school districts, pursuant to the general statutes of the State on that subject; that Mt. Carmel Special School District was, in the year 1912, authorized to borrow money for building purposes, and did borrow from its coplaintiff, the Ancient Order of United Workmen, the sum of $2,500, and had from year to year voted a special tax to raise funds to pay said indebtedness, but that the taxes collected from the lands owned by O. B. Justice, Dick Buchanan and J. E. Purcell, who are residents of Mt. Carmel Special School District, had been by the county officers credited to Paragould Special School District No. 1. The amount of taxes alleged to have been so credited is charged to be the sum of $63.80. The prayer of the complaint was for judgment against Paragould Special School District No. 1 in said sum and for a decree restraining the county judge, county clerk and collector from, in the future, crediting the taxes collected on said lands to the account of the Paragould Special

School District. The court sustained a demurrer to the complaint and dismissed it for want of equity, the plaintiffs declining to amend.

The defendant has not appeared in this court, nor does counsel for plaintiff in his brief indicate the specific ground on which the court sustained the demurrer, and we are left to search for ourselves to discover the defects in the complaint.

It is alleged that the taxes which have been, or are about to be improperly credited, were levied and collected on the property of Justice, Buchanan and Purcell and that they are residents and land owners in the Mt. Carmel Special School District; but it is not alleged that the lands of those persons were subject to taxation for school purposes in that district. The statutes of this State provide that the county courts shall have power, upon the petition of any person residing in a particular school district, to transfer the children of such persons for educational purposes to an adjoining district, and that when such transfer is ordered the school tax of such person "shall be added to the school revenues of the district to which he has been transferred, and shall not be included in the school revenues of the district where he resides." Kirby's Digest, §§ 7639, 7640.

We have held that this statute applies to the transfer of children for educational purposes to or from a single school district. *Special School District No. 33 v. Eubanks,* 119 Ark. 117.

For aught that appears from the allegations of the complaint in this case, the children of the three land owners mentioned in the complaint may have been transferred from one of the districts to the other, and consequently the lands of those parties were not subject to taxation for school purposes in the district where they are located. In other words, the allegations in the complaint are not sufficient to show that Mt. Carmel Special School District is entitled to the school taxes on the lands of the persons mentioned in the complaint. And that district is, therefore, not entitled to maintain this action.

At least, the complaint does not allege facts which call for the extraordinary relief by injunction.

The other plaintiff, Ancient Order of United Workmen, fails to state a cause of action in that it is not shown that injury will result if the amount of taxes mentioned in the complaint is improperly credited to another school district. In order to make out a cause of action in favor of a creditor of the district, it must be shown that injury will result from the alleged wrongful act, or that the transfer of children and property by order of the county court, if there was in fact such a transfer, diminished the revenue of the district to the extent that the revenues pledged to the payment of the debt will be insufficient for that purpose.

The chancery court was, therefore, correct in sustaining the demurrer to the complaint. Decree affirmed.

### OPINION ON REHEARING.

McCulloch, C. J. It is contended by learned counsel for plaintiffs that the fact that there has been a transfer from Mount Carmel Rural Special School District to Paragould Special School District No. 1, if it constituted a defense to this action, should have been pleaded by answer and could not have been reached by a demurrer.

Appellant is invoking an extraordinary remedy, and if the transfer constituted a defense his failure to negative the transfer in the allegations of the complaint constituted an omission which could have been reached by demurrer. In other words, the failure to allege that these three taxpayers who are named in the complaint were subject to taxation in Mount Carmel School District is an omission which goes to the equity of the complaint.

Again it is very earnestly insisted that under the statute creating the Mount Carmel district the building fund authorized to be levied was pledged to the payment of the bonds issued by the district, and that it is beyond the power of the Legislature to provide for transfers to another district of the taxes pledged for that purpose and the attempt to do so would constitute an impairment of

the obligations of the contract evidenced by the bonds. We have decided that the power of the Legislature over that subject is supreme and that the failure to provide by statute for the adjustment of equities does not defeat the legislative action. *Special School District No. 2 v. Special School District,* 111 Ark. 379. That principle controls in the present controversy and leads to the conclusion announced in the original opinion, that neither of the plaintiffs show facts sufficient to constitute a right of action, in that they did not allege that the transfer of the taxes of the particular parties named was sufficient to deplete the funds of the district to the extent that it endangered the securities held by the bondholders, or that it placed an additional burden on the other taxpayers.

It is now contended that the other taxpayers in the district might complain because the transfer of a part of the taxable property from the district creates a heavier burden on the remaining taxpayers. If this were true, the statute authorizing the transfer of children from one district to another would not be effective at all in any case where there was an indebtedness of the district. But the theory upon which it is allowed to be done is, that those that remain in the district get the benefit of any improvements in the way of buildings in which the borrowed money was invested. If, however, there are peculiar circumstances which create an additional burden on the remaining property owners by reason of the transfer of the children and taxes of some of them, this must be especially pleaded and proved in order to call for extraordinary equitable relief. The same can be said with respect to the claim of bondholders, for unless the revenues of the district are depleted to such an extent as to impair the securities of the bondholders they are not entitled to ask for extraordinary relief. This is the idea we intended to express in the original opinion in stating the reasons why the decree should be affirmed. We must adhere to those conclusions, and the petition for rehearing is overruled.