SCHOOL DISTRICT No. 38 *v.* BOARD OF EDUCATION OF CLAY COUNTY.

Opinion delivered November 18, 1929.

*Hunter & Hunter* and *Holifield & Upton,* for appellants.

*Arthur Sneed,* for appellees.

HART, C. J., (after stating the facts). It appears from the record that Piggott Special School District No. 52 was created by special act of the Legislature. Subsequently, another Legislature passed act 48, amending the original act under which the district was created. Special Acts of 1923, p. 98. That special act gives the county board of education of Clay County the authority to make changes in the boundary line of the Special School District of Piggott under certain conditions, which are recited in the act. It is not necessary to set out in detail the provisions of special act No. 48, because the record shows that they were carried out in annexing the territory from Common School District No. 38 to the Piggott Special School District.

It is earnestly insisted, however, that the special act has been repealed by implication by act 156 of the act of 1927, amending § 8823 of Crawford & Moses' Digest. We cannot agree with counsel in this contention. There is no irreconcilable repugnancy between the special act in question and the later general act on the same subject. The general clause in the later act, repealing all laws in conflict with it, does not operate to repeal any

law not in conflict with it, and especially is this true where there is a prior special act on the same subject which is not irreconcilably inconsistent or repugnant to the general act. *Jones* v. *Oldham,* 109 Ark. 24, 158 S. W. 1075.

In that case, it was held that the general act passed by the Legislature of 1913, creating the Department of State Lands, Highways and Improvements, does not repeal a special act of·the same Legislature creating certain road improvement districts in Lonoke and Prairie counties. See too the case of *Baugher* v. *Rudd,* 53 Ark. 417, 14 S. W. 623, where it was held that the road law of 1871 for an appeal from a final decision of the county court opening a county road is not repealed by the general act, although of later date, regulating appeals from final orders and judgments of the county court. The reason is that the more specific provisions of the specific act controls the terms of the general act. The two acts are interpreted as operating together, the specific provisions furnishing exemptions and qualifications to the general act. Again, in *State* v. *Adams,* 142 Ark. 411, 218 S. W. 845, it was held that a special act of 1919, regulating the taking of fish in certain lakes in Chicot County was not repealed by the general act passed at the same session of the Legislature amending the law creating a game and fish commission. Other cases applying the rule according to the particular facts of each case are *Martels* v. *Wyss,* 123 Ark. 184, 184 S. W. 845; *Ward* v. *Wilson,* 127 Ark. 266, 191 S. W. 917; *Bartlett* v. *Willis,* 147 Ark. 374, 227 S. W. 596; and *Bank of Blytheville* v. *State,* 148 Ark. 504, 230 S. W. 550.

The Supreme Court of the United States has held that the presumption against implied repeals has peculiar and special force when the conflicting provisions which are thought to work a repeal are contained in a local or special act and a later general act. *Petri* v. *Creelman Lumber Co.,* 199 U. S. 487, 26 S. Ct. 133. See also *Washington* v. *Miller,* 235 U. S. 422, 35 S. Ct. 179.

Here there is no irreconcilable inconsistency or repugnancy between the two acts, and the changes in the boundary lines of the Piggott Special School District No. 52 can be carried on under the provisions of the special act without the necessity of applying any of the provisions of the general law except those expressly provided for in the special act for holding the election.

What we have said with regard to the provisions as to notice applies with equal force to the other provisions of the general school act with regard to the reducing the number of pupils in Common School District No. 38 to less than thirty-five, as provided in the general acts on the subject. In this connection, however, we desire to call attention to the decision in the case of *Chicago Title & Trust Co.* v. *Hagler Special School District,* 178 Ark. 443, 12 S. W. (2d) 881, which holds that, while the Legislature has full and complete power to create and change the boundaries of school districts, it is a violation of our own Constitution, as well as the Constitution of the United States, to pass a law impairing the obligation of a contract. The record in this case does not show that any existing contract of Common School District No. 38 will be impaired by the act of the county board of education under consideration, and we merely refer to this in a cautionary way. To the same affect see *Ancient Order United Workmen* v. *Paragould Special School District,* 143 Ark. 498, 222 S. W. 368.

There is no merit whatever in the allegation of the complaint that the same person is a director of Special School District No. 52, and is also a member of the county board of education. In any sort of consideration of the matter he would be a *de facto* member of the county board of education, and his acts as such would be legal and binding.

Therefore the judgment of the circuit court will be affirmed.