STATE *v.* HUTCHINSON.

Criminal 4071.

Opinion delivered November 22, 1937.

*Jack Holt,* Attorney General, *Bruce Ivy* and *John States,* for appellant.

*Bon McCourtney,* for appellees.

HUMPHREYS, J. This is a prosecution by the state of Arkansas against appellees for selling intoxicating liquors in a pool room operated by them in the Jonesboro district of Craighead county contrary to clause (e) of § 26 of act 158 of the Acts of 1931 which is as follows:

"To sell, barter, furnish, or possess in such billiard room or in any place appurtenant thereto, any intoxicating liquors, or to permit any such acts to be done, or * * *."

Appellees pleaded not guilty in the municipal court at Jonesboro and were tried separately, convicted and fined from which they prosecuted appeals to the circuit court.

In the circuit court their cases were consolidated by consent for the purpose of trial and were submitted to the judge thereof sitting as a jury upon an agreed statement of facts where they were acquitted and discharged, from which judgment of acquittal the state has appealed to this court.

The agreed statement of facts is to the effect that each appellee owns and operates a pool room in said district and has a license to do so, and that each sells 5 per cent. beer therein under license from the state to sell beer.

Said act 158 is a general act regulating the operation of billiard and pool rooms in the state and requiring persons who do so to pay a privilege tax for the benefit of the indigent blind. In the operation of the rooms, the licensees are prohibited from doing many things under said act, one of which is the sale of intoxicating liquors therein. The purposes of the prohibitions contained in the act, such as not allowing the sale of intoxicating liquors, etc., was to prevent pool and billiard rooms from becoming saloons, dives or disorderly places of resort. It is contended, however, that since the passage of act 108 of the Acts of 1935, 5 per cent. beer is no longer an intoxicating liquor in Arkansas and that the effect of said act 108 was to repeal clause (e) of § 26 of act 158 of the Acts of 1931, which prohibited the sale of intoxicating liquors in pool rooms. We are unable to find in act 108 of the Acts of 1935 any provision saying 5 per cent. beer is not an intoxicating liquor. It does say in the latter part of § 6 thereof that "beer containing not more than five (5%) per centum of alcohol by weight and all other malt beverages containing not more

than five (5%) per centum of alcohol by weight are not defined as malt liquors, and are excepted from each and every provision of this act." This is far from saying that 5 per cent. beer is not an intoxicating liquor. The effect of the words quoted above are that said act 108 excludes from its taxation and regulation malt and vinous beverages containing more than 3.2 per cent. of alcohol and not more than 5 per cent. of alcohol and further specifically provides as follows:

"It is further provided that malt and vinous beverages containing more than 3.2 per cent. of alcohol by weight and not more than 5 per cent. of alcohol by weight shall be taxed and regulated as provided for malt and vinous beverages containing not more than 3.2 per cent. alcohol by weight under the provisions of act No. 7 of the Acts of the Extraordinary Session of the General Assembly of 1933, approved August 24, 1933." Turning to act 7 of the Acts of 1933, § 2, we find that "intoxicating liquor" means vinous, ardent, malt, fermented liquor or distilled spirits, with an alcoholic content in excess of 3.2 per cent. by weight. We are not willing to construe these acts as saying that the Legislature passing them intended to say that 5 per cent. beer was non-intoxicating liquor. Such a declaration on the part of the Legislature would be arbitrary and contrary to what everybody knows. Just as well say black is white as to say 5 per cent. beer is non-intoxicating liquor, and, of course, no Legislature would declare black is white. Appellees admit they are selling 5 per cent. beer in their several pool rooms. This is a violation of clause (e), § 26, of act 158 of the Acts of 1931, because neither act 7 of the Acts of 1933 nor act 108 of the Acts of 1935 defined 5 per cent. beer as non-intoxicating. The last two acts do not expressly repeal clause (e), § 26, of act 158 of the Acts of 1931. There is no repeal by them of clause (e) of § 26 of act 158 of the Acts of 1931 by implication as there is no conflict between them and clause (e) of act 158 of the Acts of 1931. In fact there is nothing in either act 7 of the Acts of 1933 or act 108 of the Acts of 1935 which deals with the regulation of pool or

1060

billiard halls. It was said by this court in *Martels* v. *Wyss,* 123 Ark. 184, 184 S. W. 845, that:

"Repeals by implication are not favored, and when two statutes covering the whole, or any part, of the same subject-matter are not absolutely irreconcilable, effect should be given, if possible, to both. It is only where two statutes relating to the same subject are so repugnant to each other that both cannot be enforced, that the last one enacted will supersede the former and repeal it by implication."

Act 158 of the Acts of 1931 regulates the operation of pool and billiard halls and act 7 of the Acts of 1933 and act 108 of the Acts of 1935 regulate the sale of intoxicating liquors containing more than 5 per cent. of alcoholic content. The acts operate in entirely different fields and there is no repugnancy whatever between them. In regulating the sale of intoxicating liquors in Arkansas certainly the Legislature did not intend to say that persons procuring a license to sell them might sell them in pool and billiard rooms or that licenses might be issued to them by the Commissioner of Revenues to sell intoxicating liquors in pool or billiard rooms in the face of an act which forbids the sale of such liquors in pool and billiard rooms.

On account of the error indicated the judgment of acquittal and discharge of appellees is reversed, and the cases are remanded for further proceedings.

SMITH and BUTLER, JJ., dissent.