Mr. Sam I. Bratton, Chairman Arkansas Public Service Commission 1000 Center P.O. Box C-400 Little Rock, AR 72203
Dear Chairman Bratton:
This is in response to your predecessor's (Chairman Johnston) request for an opinion on the following questions:
 1. When should the 10% penalty found in Ark. Code Ann. 26-26-1614 and 26-26-1706 (1987) be assessed?
 2. When should the 25% penalty found in Ark. Code Ann. 26-26-1614 and 26-26-1706 (1987) be assessed?
 3. If a company is delinquent only on the third installment (due October 10), should the 10% penalty be applied and collection attempted before application of the 25% penalty? If so, how much time should be allowed for collection of the 10% penalty before the 25% penalty is assessed?
Your first question involves similar language appearing in both A.C.A. 26-26-1614 and 26-26-1706. Section 26-26-1614 addresses the levy and collection of taxes to be paid by intercounty bus line, intercounty motor freight, airline, and water transportation companies. Subsection (b)(1) of 26-26-1614 states:
If the taxes are not paid on or before the date on which taxes ad valorem or any part thereof on personal property become delinquent, the director shall add a penalty of ten percent (10%) and mail to each person, company, or corporation so delinquent a statement of the tax and penalty.
Section 26-26-1706(c)(1) states as follows with regard to taxes owed by private car companies:
 If the taxes are not paid on or before the date on which the taxes, ad valorem, or any part thereof, on personal property become delinquent, the director shall add a penalty of ten percent (10%) and mail to each company so delinquent a statement of the tax and penalty.
In response to your specific question, the ten percent (10%) penalty imposed under the above provisions is properly assessed following the company's failure to pay on or before any of the installment dates specified in A.C.A. 26-35-501. The pertinent language appears under subsection (b) of 26-35-501 as follows:
 (b) All ad valorem taxes levied on the real and personal property of utilities and carriers shall be due and payable as follows:
 (1) One-fourth (1/4) shall be due and payable on and from the third Monday in February to and including the third Monday in April;
 (2) One-fourth (1/4) due and payable on and from the third Monday in April to and including the second Monday in June; and
 (3) One-half (1/2) shall be due and payable on and from the third Monday in April to and including October 10 in the year succeeding the year in which the levy in made.
Subsection (c) of 26-35-501 states in pertinent part: "It shall be the duty of the collectors of the respective counties to assess a penalty of ten percent (10%) against all unpaid tax balances remaining after the prescribed dates." Thus, for example, the 10% penalty is properly assessed after the third Monday in April against any balance remaining on the first installment.
In response to your second question, it is my opinion that the twenty-five percent (25%) penalty should be assessed "[a]t any time after October 10" in the year in which the taxes are due. This language is derived form A.C.A. 26-36-206(a) which states in pertinent part:
 At any time after October 10 in each year, after taxes may be due, the collector shall distrain sufficient goods and chattels belonging to the person charged with taxes levied upon the personal property, to pay the taxes due upon the personal property of the person and a penalty of twenty-five percent (25%) thereon. . . .
Reference to 26-36-206(a) is dictated by the following language to26-26-1614(b)(2)(A), which also appears in virtually identical form in 26-26-1706(c)(2)(A):
 If the tax and penalty are not paid on or before the date on which county collectors are authorized to collect taxes by distraint, the director, in lieu of the ten percent (10%) penalty, shall add to the tax a penalty of twenty-five percent (25%) and certify the tax and penalty to the Attorney General for collection.
Although there are no cases of recent origin construing the above language of 26-36-206(a), older case law indicates that this provision authorizes the collection of taxes by distraint after the final due date in the year in which the taxes are owing. The case of Boles v. McNeil, 66 Ark. 422 (1899) offers some guidance wherein the Arkansas Supreme Court construed two sections of Mansfield's Digest which have subsequently been amended and codified at A.C.A. 26-25-702 and 26-36-206. Section 5731 of Mansfield's Digest stated that the collector shall attend at election places for the purpose of receiving taxes, "and thereafter (he) shall attend at his office at the county seat from the 10th day of April of each year, to receive taxes from persons wishing to pay the same." See Boles v. McNeil, 66 Ark. at 427. The duties of the collector after April 10 were prescribed under Section 5746 of Mansfield's Digest as follows:
 At any time after the tenth day of April, in each year, after such tax may be due, the collector shall distrain sufficient goods and chattels belonging to the person charged with taxes levied upon the personal property, to pay the taxes due upon the personal property of said person, and a penalty of twenty-five per centum thereon . . . and the costs that may accrue, and shall immediately proceed to advertise the same in three public places in the county, stating the time when and, the place where, said property shall be sold.
The Court stated the following with regard to the above two provisions:
 From the two sections quoted, it is apparent that the legislature intended that the collector shall remain at his office at the county seat until the tenth day of April, for the purpose of receiving taxes on all classes of property, and that he may then proceed to collect unpaid taxes on personal property by distraint. [Emphasis added.]
The language of A.C.A. 26-36-206(a) is very similar to Section 5746 of Mansfield's Digest, and it may reasonably be concluded that a court would, similarly, conclude that the current provisions authorizes the collector's distraint of goods after October 10. See also, Martels v. Wyss, 123 Ark. 184, 186-187
(1916).
While one might contend that the phrase "after taxes may be due" relates to the last antecedent word, "year," and thus authorizes distraint procedures only after October 10 in the year following delinquency, the above cases belie this assertion. A review of other Code provisions involving the collector's power to collect by distraint also fails to reflect a required year's delay. See A.C.A. 26-36-209 and 26-39-302. The fact that the phrase "after taxes may be due" is separated from the antecedents by commas also supports the conclusion that this phrase modifies the entire preceding clause, and not just the word "year." See, 2A Sutherland Stat. Const. 47.33 (4th Ed. 1984).
Your final question involves application of the 10% and/or 25% penalty in the context of a third installment delinquency. It is my opinion that the 25% penalty provisions applies at the point the collector may proceed by distraint, that is, at any time after October 10. The 10% penalty is, therefore, inapplicable at that point. The answer to the first part of your final question is, in my opinion, "no." The second part of the question is therefore moot.
This conclusion is compelled by a review of A.C.A.26-26-1614(b)(2)(A) and 26-26-1706(c)(2)(A), when read in conjunction with A.C.A. 26-36-206(a). Having determined that the latter provision authorizes collection by distraint at any time after October 10, we must conclude that the foregoing two provisions require imposition of the 25%, rather than the 10% penalty at that point. Subsections (b)(1) and (b)(2)(B) of26-26-1614 and subsections (c)(1) and (C)(2)(B) of 26-26-1706 must be read to apply only to delinquencies on the first two installments.[1] This is consistent with the expressed legislative intent, and gives effect to each provision, as required by established rules of statutory construction. Town of Wrightsville v. Walton, 255 Ark. 523, 501 S.W.2d 241 (1973).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] These subsections require written notification of the tax and 10% penalty, including a warning that a 25% penalty will be added, instead, if the tax and 10% penalty are not timely paid.